UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

| | |
|---|---|
| JOSE ROSARIO-GUERRERO,<br>AGUSTIN GIL-OLVERA,<br>HONORATO GIL-OLVERA,<br>ZENAIDO HERNANDEZ-RESENDIZ,<br>JUAN RESENDIZ-HERNANDEZ,<br>CARLOS SANTANA-VARGAS,<br>ADAN TINAJERO-RAMOS and<br>ANTERO ZARATE-ALVARADO,<br>individually and on behalf of all<br>other persons similarly situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>ORANGE BLOSSOM HARVESTING,<br>INC.,<br>       Defendant. | **CLASS ACTION**<br><br>Case No. _____ |

**COMPLAINT FOR DAMAGES, DECLARATORY RELIEF,
COSTS OF LITIGATION AND ATTORNEY'S FEE**

**PRELIMINARY STATEMENT**

1.     This is an action by eight migrant farmworkers employed by Defendant Orange

Blossom Harvesting, Inc. ("Orange Blossom") on its south-central Florida operations to harvest

citrus fruit during the 2007-08 harvest season.  On behalf of themselves and their co-workers

who picked citrus fruit for the Defendant during the 2007-08 south-central Florida citrus harvest,

the Plaintiffs bring this action to secure and vindicate rights afforded them by the Migrant and

Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§1801, *et seq.* ("AWPA"), the Fair

Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA"), the minimum wage provisions of the

Florida Constitution, Article X, Section 24, federal regulations governing the temporary foreign

agricultural worker program, 20 C.F.R. §§655.100, *et seq.*, and common law. The representative

Plaintiffs assert the foregoing claims on behalf of themselves and all others similarly situated.

2.    The Plaintiffs claim that Defendant Orange Blossom Harvesting, Inc., operating itself

and through farm labor contractors, failed to pay them minimum wages as required by the FLSA

and the Florida Constitution with regard to their employment picking oranges during the 2007-08

Florida citrus harvest.   In addition, in violation of the AWPA and in contravention of federal

regulations and the workers' employment contracts, Defendant Orange Blossom Harvesting, Inc.

failed to pay the Plaintiffs and their co-workers the applicable adverse effect wage rate of $8.56

per hour for their labor.

3.    Orange Blossom employed two distinct classes of migrant workers during the 2007-

08 citrus harvest.   Orange Blossom employed agricultural "guest workers" recruited from

Mexico pursuant to the temporary agricultural work visa program, commonly known as the "H-

2A program." 8 U.S.C. §1188(H)(ii)(a). These guest workers ("H-2A workers") had written

contracts of employment with Orange Blossom that included specific representations regarding

wages, hours and working conditions. The terms of these employment contracts were primarily

dictated by federal regulations.   The H-2A worker Plaintiffs assert claims under the FLSA, the

minimum wage provisions of the Florida Constitution and for breach of contract.

4.    Orange Blossom also employed migrant workers who were not H-2A guest workers

("migrant agricultural workers"). These non-H-2A, migrant agricultural workers were recruited

from within the United States. As a matter of law, Orange Blossom was not permitted to offer

less favorable terms to similarly-situated domestic workers than it extended to its H-2A guest workers. 20 C.F.R. §655.102(a). Thus, the same terms and conditions of employment offered contractually to the H-2A workers were incorporated as the minimum terms of the AWPA "working arrangement" of the migrant agricultural workers. The migrant agricultural worker Plaintiff asserts claims under the AWPA and under the FLSA.

5.    Throughout the period of the Plaintiffs' employment on Orange Blossom's operations during the 2007-08 south-central Florida citrus harvest, Orange Blossom breached the terms of the Plaintiffs' employment agreements. Orange Blosssom consistently failed to pay the promised wage for all hours worked. Orange Blossom also failed to reimburse the H-2A worker Plaintiffs for costs they incurred primarily for the benefit of Orange Blossom to the extent that these costs reduced these Plaintiffs' earnings for their first week of work below the required hourly rate. Orange Blossom also failed to provide rent-free housing to Plaintiff Rosario-Guerrero and the other domestic workers.

6.    All of the Plaintiffs assert claims under the FLSA. The class claims are divided into two proposed subclasses. The first subclass, the "H-2A worker subclass," asserts claims for breach of contract. Plaintiffs Agustin Gil-Olvera, Honorio Gil-Olvera, Zenaido Hernandez-Resendez, Juan Resendiz-Hernandez, Carlos Santana-Vargas, Adan Tinajero-Ramos and Antero Zarate-Alvarado are class representatives for the H-2A worker subclass. The second subclass, the "migrant agricultural worker subclass," asserts claims for violations of the wage payment and working arrangement provisions of the AWPA. Plaintiff Jose Rosario-Guerrero is  the class representative for the migrant agricultural worker subclass.

7.    The Plaintiffs seek to recover their unpaid wages, actual, statutory, liquidated, consequential and compensatory damages and pre- and post-judgment interest. The Plaintiffs

also seek a reasonable attorney's fee pursuant to 29 U.S.C. §216(b), §448.08, Fla. Stat. and §448.110(6)(c), Fla. Stat.

## JURISDICTION

8.     Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b), this action arising under the FLSA; by 29 U.S.C. §1854(a), this action arising under the AWPA; by 28 U.S.C. §1331, this action arising under the laws of the United States and presenting state law claims that implicate significant federal issues; by 28 U.S.C. §1337, this action arising under the Acts of Congress regulating commerce; and by 28 U.S.C. §1367, providing supplemental jurisdiction over the common law claims.

9.     This Court has supplemental jurisdiction over the claims arising under state law because these claims are so related to the federal claims that they form part of the same case or controversy.

10.     Declaratory relief is authorized pursuant to 28 U.S.C. §§2201 and 2202.

## VENUE

11.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) and 29 U.S.C. §1854.

## PARTIES

12.     Representative Plaintiffs Agustin Gil-Olvera, Honorio Gil-Olvera, Zenaido Hernandez-Resendez, Juan Resendiz-Hernandez, Carlos Santana-Vargas, Adan Tinajero-Ramos

and Antero Zarate-Alvarado are citizens of Mexico who were admitted to the United States on a temporary basis pursuant to 8 U.S.C. §1101(a)(15)(H)(ii)(a) to work for Orange Blossom during the 2007-08 south-central Florida citrus harvest.

13.   Representative Plaintiff Jose Rosario-Guerrero is a migrant agricultural worker, within the meaning of the AWPA, who was recruited and hired within the United States by Orange Blossom and employed by Orange Blossom during the 2007-08 south-central Florida citrus harvest.

14.   At all times relevant to this action, the Plaintiffs were employed in the production of goods for interstate commerce, within the meaning of the FLSA.

15.   Defendant Orange Blossom Harvesting, Inc. is a closely-held Florida corporation that maintains its headquarters in Arcadia, De Soto County, Florida.  At all times relevant to this action, Defendant Orange Blossom Harvesting, Inc. was registered and operated as a farm labor contractor within the meaning of the AWPA, 29 U.S.C. §1802(7) in that, for a fee, it recruited, solicited, hired, furnished or employed migrant and seasonal agricultural workers, including Plaintiff Jose Rosario-Guerrero.  At all times relevant to this action, Defendant Orange Blossom Harvesting, Inc. was an employer of the Plaintiffs and the other subclass members within the meaning of the FLSA, 29 U.S.C. § 203(d).  At all times relevant to this action, Defendant Orange Blossom Harvesting, Inc. was an employer of the Plaintiffs and the other subclass members within the meaning of 20 C.F.R. § 655.100(b).

## STATEMENT OF FACTS

16.   Prior to the commencement of the 2007-08 south-central Florida citrus harvest, Orange Blossom contracted with various citrus growers and harvesters in De Soto, Hardee, Highlands, Manatee, Charlotte and Polk Counties to provide workers to assist in hand-picking oranges and grapefruit.  Among these growers were VCH Citrus, Eugene H. Turner Citrus

17.   Because of the lack of available documented workers in the area of its operations, Orange Blossom applied for temporary certification to employ temporary foreign workers to help it meet its labor needs.

18.   The Defendants required approximately 150 farmworkers to fulfill the company's picking contracts for the 2007-08 harvest.  To assist it in recruiting and hiring citrus pickers for the 2007-08 citrus harvest, Orange Blossom engaged the services of a number of farm labor contractors, including Venancio Mejia, J. Felix Ramos-Martinez and Raul Romero.

19.   Anticipating a shortage of domestic workers to fill its labor needs for the 2007-08 citrus harvest, Orange Blossom applied on August 15, 2007 for the temporary labor certification for the admission of 96 H-2A guest workers from Mexico for employment from November 9, 2007 through June 7, 2008.

20.   An agricultural employer in the United States may import aliens to perform labor of a temporary nature if the U.S. Department of Labor certifies that (1) there are insufficient available workers within the United States to perform the job, and (2) the employment of aliens will not adversely affect the wages and working conditions of similarly-situated U.S. workers.  8 U.S.C. §§1101(a)(15)(H)(ii)(a) and 1188 (a)(1).  Aliens admitted in this fashion are commonly

- 6 -

referred to as "H-2A workers."

21.  Agricultural employers seeking the admission of H-2A workers must first file a temporary labor certification application with the U.S. Department of Labor.  20 C.F.R. §§655.101(a)(1) and (b)(1).  This application must include a job offer, commonly referred to as a "clearance order" or "job order," complying with applicable regulations, which is used in the recruitment of both U.S. and H-2A workers.  20 C.F.R. §655.101(b)(1).  These regulations establish the minimum benefits, wages, and working conditions that must be offered in order to avoid adversely affecting similarly-situated U.S. workers.  20 C.F.R. §§655.0(a)(2), 655.102(b), and 655.103.  Among these terms are the following:

(a)  Payment to all workers of at least the applicable adverse effect wage rate for every hour or portion thereof worked during a pay period.  20 C.F.R. §§655.102(b)(9)(i) and (ii).  The adverse effect wage rate for Florida during the 2007-08 citrus harvest was $8.56 per hour for work performed prior to The applicable adverse effect wage rate for Florida was $8.56 per hour from the beginning of the 2007-08 harvest through February 25, 2008.  The adverse effect wage rate for Florida from February 26, 2008 through the conclusion of the 2007-08 harvest was $8.82 per hour;

(b)  An assurance that the employer will keep accurate and adequate records with respect to the workers' earnings and all deductions from wages and the reasons therefor.  20 C.F.R. §655.102(b)(7)(i);

(c)  An assurance that the employer will furnish to the worker each payday an hours and earnings statement itemizing all deductions from wages.  20 C.F.R.

§655.102(b)(8);

(d)     An assurance that the employer will abide by the requirements of 20 C.F.R.

§653.501, including the requirements of 20 C.F.R. §653.501(d)(4), mandating

compliance with state minimum wage laws;

(e)     An assurance that workers would be provided with rent-free housing.  20 C.F.R.

§655.102(b)(1); and

(f)     An assurance that the employer will offer U.S. workers no less than the same

benefits, wages and working conditions that it offers to H-2A workers.


22.     Where an agricultural employer obtains some of its workforce through the H-2A

program, the terms of the "clearance order" or "job order" establish the minimum terms and

conditions of work on the employer's operations for other similarly-employed agricultural

workers.  The terms and conditions set forth by the "clearance order" or "job order" are

incorporated as the minimum terms and conditions of the AWPA working arrangement under 29

U.S.C. §§1822(c) and 1832(c), governing the employment of similarly-situated migrant and

seasonal agricultural workers recruited to work on the employer's operations.

23.     On October 3, 2005, the United States Department of Labor accepted Orange

Blossom's application for temporary labor certification for 96 citrus harvest workers.  This

temporary labor certification application included a clearance order containing, *inter alia*, the

terms described in Paragraph 21.

24.     On October 15, 2007, the United States Department of Labor approved Orange

Blossom's temporary labor certification for 96 citrus harvest workers for citrus-harvesting

employment between November 9, 2007 and June 7, 2008.

25.  Plaintiffs Agustin Gil-Olvera, Honorio Gil-Olvera, Zenaido Hernandez-Resendez, Juan Resendiz-Hernandez, Carlos Santana-Vargas, Adan Tinajero-Ramos and Antero Zarate-Alvarado and the other members of the H-2A worker subclass were recruited by Orange Blossom and its agents in Mexico to fill the positions described in the company's clearance order. Following their recruitment and hiring in Mexico, Plaintiffs Agustin Gil-Olvera, Honorio Gil-Olvera, Zenaido Hernandez-Resendez, Juan Resendiz-Hernandez, Carlos Santana-Vargas, Adan Tinajero-Ramos and Antero Zarate-Alvarado and the other members of the H-2A worker subclass obtained H-2A visas through the United States Consulate and traveled to Arcadia, Florida, where they were employed picking citrus fruit for Orange Blossom.

26.  Before the receipt of their first paychecks for work with Orange Blossom during the 2007-08 harvest, Plaintiffs Agustin Gil-Olvera, Honorio Gil-Olvera, Zenaido Hernandez-Resendez, Juan Resendiz-Hernandez, Carlos Santana-Vargas, Adan Tinajero-Ramos and Antero Zarate-Alvarado and the other members of the H-2A worker subclass spent considerable sums of money to travel to and become eligible for employment on Orange Blossom's Florida operations. These expenditures were primarily for the benefit of the Defendants, within the meaning of the FLSA, 29 C.F.R. §§531.32(c) and 778.217.  The Defendants did not fully reimburse the H-2A plaintiffs or the other members of the H-2A worker subclass for these expenditures to the extent that these pre-employment costs brought the workers' individual first week's wages below the FLSA minimum wage, the Florida minimum wage or the adverse effect wage rate.

27.  Orange Blossom failed to pay the Plaintiffs and the other members of the subclasses wages at least equal to the AEWR for their employment during the period of employment

encompassed by Orange Blossom's clearance order.

28.   Orange Blossom's failure to pay the AEWR as described in Paragraph 27 resulted in part from their failure to credit the Plaintiffs and the other members of the H-2A subclass with all hours worked, including compensable waiting time.

29.   Orange Blossom's failure to pay the AEWR as described in Paragraph 27 resulted in part from its practice of not paying the AEWR to its domestic workers, including Plaintiff Joe Rosario-Guerrero and the other members of the migrant agricultural worker subclass.

30.   Orange Blossom failed to keep accurate and adequate records as required by 20 C.F.R. § 655.102(b)(7) and the AWPA with respect to the work of the Plaintiffs and the other members of the subclasses. Among other things, Orange Blossom did not accurately record with regard to each worker the number of compensable hours actually worked each day and the time work began and ended each day.

31.   Orange Blossom failed to furnish to the Plaintiffs and the other members of the subclasses hours and earnings statements meeting the requirements of the federal regulations governing the H-2A program, 20 C.F.R. § 655.102(b)(8), and the AWPA. Among other things, the hours and earnings statements furnished to the Plaintiffs and the other subclass members by Orange Blossom did not accurately reflect the hours actually worked.

32.   Orange Blossom failed to provide Plaintiff Jose Rosario-Guerrero and the other members of the migrant agricultural worker subclass with rent-free housing. While Orange Blossom provided Rosario-Guerrero and other members of the migrant agricultural worker subclass with housing, these workers were charged rent for residing in these facilities.

## CLASS ACTION ALLEGATIONS

### COUNT I - H-2A CONTRACT VIOLATIONS

33.    All claims set forth in Count I are brought by the Representative Plaintiffs Agustin Gil-Olvera, Honorio Gil-Olvera, Zenaido Hernandez-Resendez, Juan Resendiz-Hernandez, Carlos Santana-Vargas, Adan Tinajero-Ramos and Antero Zarate-Alvarado on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

34.    Plaintiffs Agustin Gil-Olvera, Honorio Gil-Olvera, Zenaido Hernandez-Resendez, Juan Resendiz-Hernandez, Carlos Santana-Vargas, Adan Tinajero-Ramos and Antero Zarate-Alvarado seek to represent a subclass consisting of all H-2A temporary foreign workers who were employed pursuant to a temporary labor certification issued to Orange Blossom for work during the 2007-08 south-central Florida citrus harvest.

35.    The subclass members are so numerous and so geographically dispersed as to make joinder impracticable. The precise number of individuals in the H-2A worker subclass is known only to the Defendants. However, the H-2A worker subclass is believed to include over 90 individuals. The H-2A worker subclass is comprised of indigent migrant workers who are citizens of Mexico. The subclass members are not fluent in the English language and are unfamiliar with the American judicial system. The relatively small size of the individual claims and the indigence of the subclass members makes the maintenance of separate actions by each subclass member economically infeasible.

36.    There are questions of law and fact common to the H-2A worker subclass. These

common legal and factual questions include whether Orange Blossom failed to pay the members of the H-2A worker subclass the contractual AEWR for all compensable hours worked; whether Orange Blossom failed to maintain complete and accurate records regarding the work of members of the H-2A worker subclass; whether Orange Blossom failed to provide the members of the H-2A worker subclass with complete and accurate wage statements; and whether Orange Blossom violated its contracts with the H-2A worker subclass as embodied in the clearance order by failing to pay the subclass members wages as mandated by the Florida Minimum Wage Act.

37. The claims of Representative Plaintiffs Agustin Gil-Olvera, Honorio Gil-Olvera, Zenaido Hernandez-Resendez, Juan Resendiz-Hernandez, Carlos Santana-Vargas, Adan Tinajero-Ramos and Antero Zarate-Alvarado are typical of those of the other subclass members and these typical, common claims predominate over any questions affecting only individual subclass members. These Representative Plaintiffs have the same interests as do other members of the H-2A worker subclass and will vigorously prosecute these interests on behalf of the subclass.

38. Representative Plaintiffs Agustin Gil-Olvera, Honorio Gil-Olvera, Zenaido Hernandez-Resendez, Juan Resendiz-Hernandez, Carlos Santana-Vargas, Adan Tinajero-Ramos and Antero Zarate-Alvarado will fairly and adequately represent the interests of the H-2A worker subclass. These Representative Plaintiffs have the same interests as do the other members of the H-2A worker subclass and will vigorously prosecute these interests on behalf of the subclass.

39. Counsel for Plaintiffs Agustin Gil-Olvera, Honorio Gil-Olvera, Zenaido Hernandez-Resendez, Juan Resendiz-Hernandez, Carlos Santana-Vargas, Adan Tinajero-Ramos and Antero Zarate-Alvarado is experienced in handling actions by H-2A workers to enforce their rights under

their employment contracts and has handled numerous class actions in the federal courts. These Representative Plaintiffs' counsel is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the H-2A worker subclass members under Rule 23(b)(3).

40.     A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

a.     The common issues of law and fact, as well as the relatively small size of the individual subclass members' claims, substantially diminish the interest of members of the subclass in individually controlling the prosecution of separate actions;

b.     Many members of the subclass are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

c.     There has been no litigation already commenced against Orange Blossom by the members of the H-2A worker subclass to determine the questions presented;

d.     It is desirable that the claims be heard in this forum because Orange Blossom is based in this district and many of the acts giving rise to the causes of action set out herein arose in this district; and

e.     A class action can be managed without undue difficulty because Orange Blossom has regularly committed the violations complained of herein, and is required to maintain detailed records concerning each member of the H-2A worker subclass.

## CLASS ACTION ALLEGATIONS

## COUNT II - MIGRANT AND SEASONAL
## AGRICULTURAL WORKER PROTECTION ACT

41.   All claims set forth in Count II are brought by the Representative Plaintiff Jose

Rosario-Guerrero on behalf of himself and all other similarly situated persons pursuant to Rule

23(b)(3) of the Federal Rules of Civil Procedure.

42.   Representative Plaintiff Jose Rosario-Guerrero seek to represent a class consisting

of all migrant agricultural workers and seasonal agricultural workers, as defined by the AWPA,

who were employed at any time between November 9, 2007 and June 7, 2008, inclusive,

performing tasks listed in the clearance order filed by Orange Blossom in conjunction with its

temporary labor certification application seeking H-2A workers for the 2007-08 harvest season,

as set out in Paragraph 19, 23 and 24.

43.   The migrant agricultural worker subclass members are so numerous and so

geographically dispersed as to make joinder impracticable.  The precise number of individuals in

the migrant agricultural worker class is known only to Orange Blossom.  However, the migrant

agricultural worker subclass is believed to include over 100 individuals.  The migrant agricultural

worker subclass is comprised principally of indigent migrant farmworkers with permanent places

of residence located at various sites in the United States, Mexico and Central America.  Most of

the members of the migrant agricultural worker subclass are not fluent in the English language

and are unfamiliar with the American judicial system.  The relatively small size of the individual

claims and the indigence of the subclass members makes the maintenance of separate actions by

each subclass member economically infeasible.

44.   There are questions of law and fact common to the migrant agricultural worker subclass.  These common legal and factual questions include whether the terms of Orange Blossom's clearance order constituted a working arrangement between Orange Blossom and the members of the migrant agricultural worker subclass within the meaning of the AWPA; whether Orange Blossom violated the AWPA by failing to pay the AEWR rate to members of the migrant agricultural worker class; whether Orange Blossom violated the AWPA by failing to provide the members of the migrant agricultural worker class with rent-free housing; whether Orange Blossom failed to maintain complete and accurate records regarding the migrant agricultural subclass members' work as required by the AWPA; whether Orange Blossom failed to provide the migrant agricultural worker subclass members with wage statements as required by the AWPA; and whether Orange Blossom failed to pay the migrant agricultural worker subclass members wages as mandated  by the Florida Minimum Wage Act.

45.   The claims of Representative Plaintiff Jose Rosario-Guerrero are typical of those of the other members of the migrant agricultural worker subclass and these typical, common claims predominate over any questions affecting only individual subclass members.  The Representative Plaintiff has the same interests as do other members of the migrant agricultural worker subclass and will vigorously prosecute these interests on behalf of the subclass.

46.   Representative Plaintiff Jose Rosario-Guerrero will fairly and adequately represent the interests of the migrant agricultural worker subclass.  The Representative Plaintiff has the same interests as do the other members of the subclass and will vigorously prosecute these interests on behalf of the class.

- 15 -

47.   Counsel for Representative Plaintiff Jose Rosario-Guerrero is experienced in handling actions under the AWPA and has litigated numerous class actions in the federal courts. The Representative Plaintiff's counsel is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the members of the migrant agricultural worker subclass under Rule 23(b)(3).

48.   A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

a.   The common issues of law and fact, as well as the relatively small size of the individual subclass members' claims, substantially diminish the interest of members of the subclass in individually controlling the prosecution of separate actions;

b.   Many members of the subclass are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

c.   There has been no litigation already commenced against Orange Blossom by the members of the migrant agricultural worker subclass to determine the questions presented;

d.   It is desirable that the claims be heard in this forum because Orange Blossom is based in this district and many of the acts giving rise to the causes of action set out herein arose in this district; and

e.   A class action can be managed without undue difficulty because Orange Blossom has regularly committed the violations complained of herein, and is required to maintain detailed records concerning each member of the migrant agricultural

worker subclass.

## CLAIMS FOR RELIEF

### COUNT I: BREACH OF EMPLOYMENT CONTRACT
### (CLASS ACTION - H-2A WORKER SUBCLASS)

49.    Representative Plaintiffs Agustin Gil-Olvera, Honorio Gil-Olvera, Zenaido Hernandez-Resendez, Juan Resendiz-Hernandez, Carlos Santana-Vargas, Adan Tinajero-Ramos and Antero Zarate-Alvarado incorporate by reference the allegations set forth in the preceding paragraphs.

50.    This count sets forth a claim by Plaintiffs Agustin Gil-Olvera, Honorio Gil-Olvera, Zenaido Hernandez-Resendez, Juan Resendiz-Hernandez, Carlos Santana-Vargas, Adan Tinajero-Ramos and Antero Zarate-Alvarado and the other members of the H-2A worker subclass against Orange Blossom for its breach of its employment contracts as embodied in the clearance order submitted in conjunction with its application for temporary labor certification.

51.    Orange Blossom offered and Representative Plaintiffs Agustin Gil-Olvera, Honorio Gil-Olvera, Zenaido Hernandez-Resendez, Juan Resendiz-Hernandez, Carlos Santana-Vargas, Adan Tinajero-Ramos and Antero Zarate-Alvarado and the other members of the H-2A worker subclass accepted employment on specific terms and conditions, including those set out in Paragraph 21.

52.    Orange Blossom breached its employment contracts with Representative Plaintiffs Agustin Gil-Olvera, Honorio Gil-Olvera, Zenaido Hernandez-Resendez, Juan Resendiz-Hernandez, Carlos Santana-Vargas, Adan Tinajero-Ramos and Antero Zarate-Alvarado and the other members of the H-2A worker subclass by providing terms and conditions of employment

that were materially different from those described in the company's clearance order, including the following:

a.   The workers were not paid at least the applicable adverse effect wage rate for their labor;

b.   The workers were not paid the Florida minimum wage for each hour they were employed;

c.   Orange Blossom failed to maintain payroll records accurately recording the hours worked by the members of the subclass; and

d.   The wage statements furnished to the workers each pay period did not accurately show the hours actually worked.

53.   As a direct consequence of Orange Blossom's breaches of its employment contracts as set out in this count, Representative Plaintiffs Agustin Gil-Olvera, Honorio Gil-Olvera, Zenaido Hernandez-Resendez, Juan Resendiz-Hernandez, Carlos Santana-Vargas, Adan Tinajero-Ramos and Antero Zarate-Alvarado and the other members of the H-2A worker subclass have suffered economic injury.

## COUNT II: MIGRANT AND SEASONAL AGRICULTURAL
## WORKER PROTECTION ACT
## (CLASS ACTION - MIGRANT AGRICULTURAL WORKER SUBCLASS)

54.    Representative Plaintiff Jose Rosario-Guerrero and members of the migrant

agricultural worker subclass incorporate by reference the allegations set forth in the preceding

paragraphs.

55.    This count sets forth claims for money damages, declaratory relief and injunctive

relief by Representative Plaintiff Jose Rosario-Guerrero and the other members of the migrant

agricultural worker subclass against Orange Blossom for violations of the Migrant and Seasonal

Agricultural Worker Protection Act and its implementing regulations.

56.    The terms set out in Orange Blossom's clearance order in conjunction with its

temporary labor certification application constituted a working arrangement between Orange

Blossom and Representative Plaintiff Jose Rosario-Guerrero and the other members of the

migrant agricultural worker subclass within the meaning of the AWPA, 29 U.S.C. §§1822(c) and

1832(c), and its implementing regulations, 29 C.F.R. §500.72.

57.    Orange Blossom violated the AWPA by failing to pay Representative Plaintiff Jose

Rosario-Guerrero and the other members of the migrant agricultural worker subclass the AEWR

for all compensable hours of work between November 9, 2007 and June 7, 2008.

58.    Orange Blossom violated the AWPA by failing to provide Representative Plaintiff

Jose Rosario-Guerrero and the other members of the migrant agricultural worker subclass with

rent-free housing, as promised in the clearance order.

59.    By the actions and omissions described in Paragraphs 57, Orange Blossom failed

to pay Representative Plaintiff Jose Rosario-Guerrero and the other members of the migrant

agricultural worker subclass their wages owed promptly when due, thereby violating the AWPA,

29 U.S.C. §§1822(a) and 1832(a), and its attendant regulations, 29 C.F.R. §500.81.

60.    By the actions and omissions described in Paragraphs 57 and 58, Orange Blossom

violated without justification its working arrangement with Representative Plaintiff Jose Rosario-

Guerrero and the other members of the migrant agricultural worker subclass, thereby violating

the AWPA, 29 U.S.C. §§1822(c) and 1832(c), and its attendant regulations, 29 C.F.R. §500.81.

61.    Orange Blossom failed to make, keep and preserve accurate and complete records

regarding the work of Representative Plaintiff Jose Rosario-Guerrero and the other members of

the migrant agricultural worker subclass, in violation of the AWPA, 29 U.S.C. §§1821(d)(1) and

1831(c)(1), and its attendant regulations, 29 C.F.R. §500.80(a).  Among other things, Orange

Blossom failed to keep any payroll records whatsoever on the labor of Representative Plaintiff

Rosario-Guerrero, instead listing his production under payroll entries relating to other workers.

62.    Orange Blossom failed to provide Representative Plaintiff Jose Rosario-Guerrero

and the other members of the migrant agricultural worker subclass with complete and accurate

itemized written statements for each pay period containing the information required by the

AWPA, in violation of the AWPA, 29 U.S.C. §§1821(d)(2) and 1831(c)(2), and its attendant

regulations, 29 C.F.R. §500.80(d).

63.    The violations of the AWPA and its attendant regulations as set forth in this count

were the natural consequences of the conscious and deliberate actions of Orange Blossom and

were intentional within the meaning of the AWPA, 29 U.S.C. §1854(c)(1).

64.    As a result of the violations of the AWPA and its attendant regulations as set forth

in this count, Representative Plaintiff Jose Rosario-Guerrero and the other members of the

migrant agricultural worker subclass have suffered damages.

## COUNT III: FAIR LABOR STANDARDS ACT
## (INDIVIDUAL CLAIMS)

65.     The Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs.

66.     This count sets forth a claim for declaratory relief and damages by the Plaintiffs for Orange Blossom's violations of the minimum wage provisions of the FLSA during the 2007-08 south-central Florida citrus harvest.

67.     Orange Blossom violated the minimum wage provisions of the FLSA, 29 U.S.C. §206(a), by failing to pay each of the Plaintiffs at least $5.85 for every compensable hour of labor he or she performed during each workweek in the 2007-08 south-central Florida citrus harvest.

68.     The violations of the FLSA as set out in Paragraph 67 resulted in part from Orange Blossom's failure to supplement the Plaintiffs' piece-rate earnings so as to raise their individual pay period wages to a rate equal to or exceeding the minimum wage and failure to credit the Plaintiffs with all compensable hours worked.

69.     The violations of the FLSA as set out in Paragraph 67 resulted in part from the Defendants' failure to fully reimburse Plaintiffs Agustin Gil-Olvera, Honorio Gil-Olvera, Zenaido Hernandez-Resendez, Juan Resendiz-Hernandez, Carlos Santana-Vargas, Adan Tinajero-Ramos and Antero Zarate-Alvarado  during their first week of employment for expenses incurred and  facilities primarily benefitting Orange Blossom, including passports, processing fees, visa-related expenses, fees for issuance of Form I-94, and the full cost of travel from the workers' homes to the site of Orange Blossom's operations.

70.     As a consequence of Orange Blossom's violations of the FLSA as set out in this

count, the Plaintiffs are entitled to recover their unpaid minimum wages, plus an additional equal

amount as liquidated damages, pursuant to 29 U.S.C. §216(b).

### COUNT IV: MINIMUM WAGE PROVISIONS OF FLORIDA CONSTITUTION (CLASS ACTION - H-2A WORKER and MIGRANT AGRICULTURAL WORKER SUBCLASSES)

71.    The Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs.

72.    This count sets forth a claim by Plaintiffs Agustin Gil-Olvera, Honorio Gil-Olvera, Zenaido Hernandez-Resendez, Juan Resendiz-Hernandez, Jose Rosario-Guerrero, Carlos Santana-Vargas, Adan Tinajero-Ramos and Antero Zarate-Alvarado, on behalf of themselves and the other members of both subclasses, for damages resulting from Orange Blossom's violations of the minimum wage provisions of the Florida Constitution, Article X, §24, during the 2007-08 south-central Florida citrus harvest.

73.    During the 2007-08 south-central Florida citrus harvest, Orange Blossom failed to pay the Plaintiffs and the other members of the two subclasses in compliance with the minimum wage provisions of the Florida Constitution.  Among other things, Orange Blossom failed to pay the Plaintiffs and the other members of the two subclasses the required Florida minimum wage for each hour of compensable labor performed.

74. As a result of Orange Blossom's violations of the minimum wage provisions of the Florida Constitution as described above, the Plaintiffs and each member of the two subclasses is entitled to recover the amount of his or her unpaid minimum wages, and an equal amount as liquidated damages, pursuant to Art. X § 24 (e) of the Florida Constitution.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs request that this Court enter an order:

a.      Certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal
Rules of Civil Procedure with respect to the claims set forth in Counts I, II and IV;

b.      Declaring that Defendant Orange Blossom Harvesting, Inc. violated breached its
employment contracts with Plaintiffs Agustin Gil-Olvera, Honorio Gil-Olvera, Zenaido
Hernandez-Resendez, Juan Resendiz-Hernandez, Carlos Santana-Vargas, Adan Tinajero-
Ramos and Antero Zarate-Alvarado and the other members of the H-2A worker subclass
as set forth in Count I;

c.      Declaring that Defendant Orange Blossom Harvesting, Inc. violated the AWPA and its
attendant regulations with respect to its employment of Plaintiff Jose Rosario-Guerrero
and the other members of the migrant agricultural worker subclass during the 2007-08
south-central Florida citrus harvest;

d.      Declaring that Defendant Orange Blossom Harvesting, Inc. violated  the FLSA, as set
forth in Count III;

e.      Granting judgment in favor of Plaintiffs Agustin Gil-Olvera, Honorio Gil-Olvera,
Zenaido Hernandez-Resendez, Juan Resendiz-Hernandez, Carlos Santana-Vargas, Adan
Tinajero-Ramos and Antero Zarate-Alvarado and the other members of the H-2A worker
subclass against the Defendants, jointly and severally, on the contract claims set forth in
Count I and awarding each of these workers his actual and compensatory damages;

g.      Granting judgment in favor of Plaintiff Jose Rosario-Guerrero and the other members of

the migrant agricultural worker subclass on these workers' claims under the Migrant and Seasonal Agricultural Worker Protection Act as set forth in Count II, and awarding each of these workers his or her actual damages or statutory damages of $500, whichever is greater, for every violation of the AWPA set forth in that count;

h.      Granting judgment in favor  the Plaintiffs on their FLSA claims as set forth in Count III, and awarding each of them the amount of his unpaid minimum wages and an equal amount as liquidated damages;

i.      Granting judgment in favor of Plaintiffs Agustin Gil-Olvera, Honorio Gil-Olvera, Zenaido Hernandez-Resendez, Juan Resendiz-Hernandez, Jose Rosario-Guerrero, Carlos Santana-Vargas, Adan Tinajero-Ramos and Antero Zarate-Alvarado and the other members of the two subclasses on their claims under the Florida Minimum Wage Act as set forth in Count IV and awarding these Plaintiffs and each other member of the two subclasses the amount of his or her unpaid minimum wages, along with an equal amount as liquidated damages;

j.      Enjoining Orange Blossom from further failure to comply with the regulations governing the H-2A program;

k.      Awarding the Plaintiffs a reasonable attorney's fee pursuant to 29 U.S.C. §216 and §448.08, Fla. Stat.;

m.      Awarding the Plaintiffs the costs of this action; and

n.      Granting such further relief as this Court deems just and appropriate.

Respectfully submitted,


Gregory S. Schell
Florida Bar Number 287199
Migrant Farmworker Justice Project
Florida Legal Services, Inc.
508 Lucerne Avenue
Lake Worth, Florida   33460-3819
Telephone:     (561) 582-3921
Facsimile:     (561) 582-4884
Email:         Greg@Floridalegal.Org


Attorney for Plaintiffs