# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**JOSE ROSARIO-GUERRRO, ISMAEL DELGADO-CHAVEZ, OSCAR DELGADO-CHAVEZ, ADAN DIAZ-NAVA, ARNULFO GALINDO-MEJIA, BRAULIO GALINDO-MEJIA, BERNARDO GALLEGOS-FLORES, AGUSTIN GIL-OLVERA, HONORATO GIL-OLVERA, ZENAIDO HERNANDEZ-RESENDIZ, MIGUEL JONGUITUD-VELAZAUEZ, FERNANDO JUAREZ-LOPEZ, MACARINO MAGOS-CHAVEZ, MARTINIANO MAGDALENO MEJIA-BARCENA, JUAN RESENDIZ-HERNANDEZ, CARLOS SANTANA-VARGAS, ADAN TINAJERO-RAMOS, ANTERO ZARATE-ALVARADO,** individually and on behalf of all other persons similarly situated,

-vs-                                                                 Case No. 2:09-cv-106-FtM-29DNF

**ORANGE BLOSSOM HARVESTING, INC. and CARY MERCER,**

                       **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

> **MOTION:** MOTION FOR DECLARATION OF A CLASS ACTION
> (Doc. No. 27)
>
> **FILED:** November 2, 2009
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This action was filed by migrant farmworkers against their employer the Defendants, Orange Blossom Harvesting, Inc. ("Orange Blossom") and Cary Mercer. The Plaintiffs assert claims for Breach of Employment Contract (Count I); violations of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§1801 *et seq*. (Count II); violation of the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq*. (Count III); and violations of the Minimum Wage Provisions of the Florida Constitution, Article X, Section 24 (Count IV).[1] The Motion for Declaration of a Class Action (Doc. 27) was referred to his Court by Order (Doc. 30) entered on November 17, 2009 by the Honorable John E. Steele, United States District Judge, for a report and recommendation. On November 16, 2009, the Defendants filed a Response in Opposition to Plaintiffs' Motion for Class Certification (Doc. 28). This Court entered an Order (Doc. 31) on December 7, 2009, which required the Plaintiffs to supplement their Motion for Declaration of Class Action, and the Plaintiffs filed their Supplement to Plaintiffs' Motion for Declaration of Class Action (Doc. 32) on December 21, 2009. The Court has carefully reviewed the submissions of the parties.

---

[1] The Plaintiffs seek class certification for the Breach of Employment Contract claim only.

**I. Facts**

The facts, as set forth in the Amended Complaint for Damages, Declaratory Relief, Costs of Litigation, and Attorney's Fees (Doc. 25) are as follows.[2] The Plaintiffs are 18 migrant farmworkers workers. (Com. ¶1). The Plaintiffs were employed by the Defendants to hand-pick citrus fruit in south-central Florida during the 2007-2008 harvest season. (Com ¶1). The Defendants employed two distinct groups of migrant workers during the 2007-2008 citrus harvest. (Com. ¶3). The first group was comprised of "guest workers" recruited from Mexico pursuant to the temporary agricultural work visa program, commonly known as the "H-2A program." (Com. ¶3). These guest workers had written contracts with the Defendant Orange Blossom that included representations regarding wages, hours and working conditions. (Com. ¶3). The second group of migrant workers were recruited within the United States and the Plaintiffs delineated these workers as "migrant agricultural workers." (Com. ¶4). The Plaintiffs allege that the Defendants breached the employment contracts by failing to pay the promised wages for the hours worked, failing to provide tools free of charge, and failing to reimburse the H-2A worker Plaintiffs for the costs they incurred. (Com. ¶5). The class action relates to the H-2A workers only which the Court shall designate as the "H-2A Plaintiffs." (Com. ¶6).

The H-2A Plaintiffs are citizens of Mexico and were admitted to the United States for the 2007-2008 south-central Florida citrus harvest. (Com. ¶12). Orange Blossom is a Florida corporation with its main headquarters in Arcadia, Florida and employed the representative Plaintiffs. (Com. ¶15). The Defendant Cary Mercer is a principal of the Defendant, Orange Blossom and the H2-A Plaintiffs allege that he was their employer or joint employer. (Com. ¶16). The H-2A Plaintiffs were recruited

---

[2] The facts are taken from the Amended Complaint (Doc. 25), however the Court makes no ruling on the merits of these facts. Further "Com." refers to the Amended Complaint (Doc. 25).

and hired in Mexico, obtained H-2A visas, traveled to Arcadia, and were employed to pick citrus for the Defendants during the 2007-2008 citrus harvest. (Com. ¶26). The H-2A Plaintiffs expended considerable sums of money to travel and become eligible for employment with the Defendants, and they purchased their own picking sacks. (Com. ¶30, 31). These expenditures were for the benefit of the Defendants, but the Defendants did not reimburse the H-2A Plaintiffs for these expenses. (Com. ¶30). The Defendants failed to pay the H-2A Plaintiffs the correct wages, and failed to keep accurate records. (Com. ¶33, 34, 35).

The Plaintiffs allege that the class members are so numerous and so geographically diverse that joinder is impossible. (Com. ¶39). The Plaintiffs estimate that the class would include approximately 60 individuals who are indigent migrant workers who are citizens of Mexico. (Com. ¶39). The class members do not speak English fluently and are unfamiliar with the American judicial system. (Com. ¶39).

In Count I, the H-2A Plaintiffs allege that the Defendants breached their employment contracts by not providing picking sacks at no costs, not paying the H-2A Plaintiffs the appropriate wage rate, not paying the Florida minimum wage rate, not providing transportation and subsistence expenses, not maintaining payroll records, and not providing accurate wage statements. (Com. ¶ 48).

**II. Declarations**

The Defendants argue that the Amended Complaint has no evidentiary support because it was not verified and because the declarations were not properly attested. The declarations attached to the Motion for Declaration of Class Certification (Doc. 27) had the following attestation at the end of each one:

Translator's Statement

> My name is Sol Couto and I read and speak both English and Spanish. I read the foregoing declaration to Honorato Gil Olvera[3], translating it from the original English to Spanish, after which Honorato Gil-Olvera voluntarily affirmed the declaration and executed the statement above.

The Defendants argue that a translated affidavit must be properly authenticated and shown to be an accurate translation by a qualified interpreter, citing *Cruz v. Aramark Services, Inc.*, 213 Fed. Appx. 329 (5th Cir. 2007); *Jack v. Trans World Airlines, Inc.*, 854 F.Supp. 654, 659 (N.D. Ca. 1994); and, *Miranda v. Sweet Dixie Melon Company*, 2009 WL 1324847 (M.D. Ga. May 13, 2009). The Defendants requested that the Court strike the declarations of the Plaintiffs and require the named H-2A Plaintiffs to be made available for deposition. The Court entered an Order (Doc. 31) which required the Plaintiffs to file a supplement to their Motion for Declaration of Class Action including an affidavit and resume for the interpreter. On December 21, 2009, the Plaintiffs filed a Supplement to Plaintiffs' Motion for Declaration of Class Action (Doc. 32).

Rule 901 requires the authentication of documents as a condition precedent to admissibility. Fed.R.Evid. 901 At the summary judgment stage, a translation must be "properly authenticated and shown to be an accurate translation by a qualified interpreter." *Miranda v. Sweet Dixie Melon Company*, 2009 WL 1324847, *1 (M.D. Ga. May 13, 2009). However, a different rule applies when an interpreter is used for a deposition. *Id*. For a deposition, there is no requirement that the record contain the interpreter's qualification or a separate certification that the translation is accurate. *Id*. Possibly, the differences are because the opposing side at a deposition has the opportunity to cross-examine the witness. *Id*.

---

[3] This is a sample attestation for the declarant Horatio Gil-Olivera.

Although it is unclear the exact authentication needed for declarations in support of class certification, the Court will hold the H-2A Plaintiffs to the more rigorous standard. The interpreter filed a Declaration (Doc. 32-2) which states that he is bi-lingual in Spanish and English. He has been used as an official Spanish language interpreter in worker's compensation hearings, and at mediations. He read the declarations over the telephone to each of the declarants in Spanish in their homes in Mexico. He stated that he translated the declarations word-for-word from English to Spanish. The declarants confirmed that the information in the declaration was true and then executed the English language version of the declaration. The Court finds that this Supplement is sufficient to assure the Court that the declarants understood their declarations and that the declarations as translated are true and accurate. Therefore, the Court will permit the H-2A Plaintiffs to use the declarations in support of their Motion for Declaration of Class Certification.

### III. Analysis of Class Certification

The question of whether to certify a class is left to the sound discretion of the district court. *Babineau v. Federal Exp. Corp.,* 576 F.3d 1183, 1189 (11th Cir. 2009). The party moving for class certification has the burden of proof to establish the propriety of the class certification. *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1322 (11th Cir. 2008) (citing *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.*, 350 F.3d 1181, 1187 (11th Cir. 2003)). In order to certify a class, all the requirements of Fed.R.Civ.P. 23(a) must be met, as well as one requirement of Fed.R.Civ.P. 23(b). *Luna v. Del Monte Fresh Produce (Southeast), Inc.*, 2009 WL 4366953, *1 (11th Cir. 2009), *Busby*, 513 F.3d at 1321, and *Hines v. Widnall*, 334 F.3d 1253, 1255 (11th Cir. 2003). The four elements required for class certification are: 1) numerosity, the class is so numerous that joinder of all members

is impracticable; 2) commonality, there are questions of law or fact common to the class; 3) typicality, the claims or defenses of the class are typical; and 4) adequacy, the class representative will fairly and adequately protect the interests of the class. *Id*., *Hines*, 334 F.3d at 1255-56, *Franze v. Equitable Assurance*, 296 F.3d 1250, 1253 (11th Cir. 2002), (citing Fed.R.Civ.P. 23(a)).

Rule 23(b) provides as follows:

A class action may be maintained if Rule 23(a) is satisfied and if:

(1) prosecuting separate actions by or against individual class members would create a risk of:
 (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
 (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to the findings include:

 (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
 (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
 (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
 (D) the likely difficulties in the managing a class action.

Fed.R.Civ.P. 23(b), See Also, *Franze v. Equitable Assurance*, 296 F.3d at 1253. The district court is required to evaluate the requirements of a class certification even if not seriously contested by the

defendants. *Valley Drug Co. v. Geneva Pharmaceuticals*, 350 F.3d 1181, 1188 (11th Cir. 2003). A trial court should not determine the merits of the claims at the class certification stage, however, the trial court can consider the merits of the case "'to the degree necessary to determine whether the requirements of Rule 23 will be satisfied.'" *Heffner v. Blue Cross and Blue Shield of Ala.,* Inc., 443 F.3d 1330, 1337 (11th Cir. 2006) (quoting *Valley Drug*, 350 F.3d at 1188, n. 15)).

The H-2A Plaintiffs seek to certify a class defined as follows:

> All H-2A temporary foreign workers who were employed pursuant to a temporary labor certification issued to Orange Blossom Harvesting, Inc. for work during the 2007-2008 south-central Florida citrus harvest.

(Doc. 27, p. 2). The Plaintiffs contend that the requirements of Fed.R.Civ.P. 23(a) and that of Fed.R.Civ.P. 23(b)(3) are satisfied.

### A. Standing

Initially, the Court must determine that the named plaintiffs have standing pursuant to Article III to raise each class claim. *Busby v. JRHBW Realty,* Inc., 513 F.3d 1314, 1321 (11th Cir. 2008) (citing *Klay v. Humana, Inc.*, 382 F.3d 1241, 1250 (11th Cir. 2004)), and *Murray v. U.S. Bank Trust Nat. Ass'n.,* 365 F.3d 1284, 1289, n. 7 (11th Cir. 2004). "Without individual standing to raise a legal claim, a named representative does not have the requisite typicality to raise the same claim on behalf of a class." *Hines v. Widnall*, 334 F.3d 1253, 1256 (11th Cir. 2003). The Plaintiffs contend that they have satisfied this requirement. The Plaintiffs were employed as H-2A workers by the Defendants during the 2007-2008 citrus harvest. They were subject to the allegedly unlawful practices that form the breach of contract claim. After a review of the allegations in the Amended Complaint, the Court

concludes that the putative class representatives have standing to pursue the claim for breach of contract.

**B. Rule 23(a) Requirements**

**1. Numerosity**

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). Plaintiffs seeking class certification do not need to know the exact size of the proposed class. *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 696 (S.D. Fla. 2004). While the size of the proposed class is relevant to the court's determination, other factors such as "'the geographic diversity of the class members, the nature of the action, the size of each plaintiff's claim, judicial economy and the inconvenience of trying individual lawsuits, and the ability of the individual class members to institute individual lawsuits'" should also be considered. *Id.*, *(*citing *In Re Terazosin Hydrochloride Antitrust Litigation*, 220 F.R.D. 672, 685 (S.D. Fla 2004) and *Walco Inv., Inc. v. Thenen*, 168 F.R.D. 315, 324 (S.D. Fla. 1996)).

The Plaintiffs assert that the proposed class consists of 75 members.[4] (Doc. 27, p. 10). Further, the H-2A Plaintiffs contend that the relatively small size of the unpaid wages make individual suits economically infeasible. The class members are indigent. The potential class members maintain permanent residences in various locations in Mexico, and joinder is impractical. In addition, the potential class members lack sophistication in maintaining individual suits, reside outside of the

---

[4] The Amended Complaint (Com. ¶39) indicated that the class would be comprised of 60 members, however, the Motion for Declaration of Class Certification indicated that the class size would be 75 members. (Doc. 27, p. 2). The exact number is not material to the determination of numerosity. *See*, *Agan*, 222 F.R.D. at 696.

United States, do not speak English fluently, and are unfamiliar with the American legal system. The Defendants do not dispute the numerosity requirement. (See, Doc. 28, n. 3). After reviewing the allegations in the Amended Complaint, the Court agreed that the joinder of potentially 70 individual migrant farm workers who reside in various locations in Mexico, whose damages are relatively small, who do not speak English fluently, and who lack familiarization with the American legal system would be burdensome. Therefore, the Court concludes that the Plaintiffs have satisfied the numerosity requirement of Rule 23(a)(1).

**2. Commonality**

The "commonality requirement measures the extent to which all members of a putative class have similar claims. 'Traditionally, commonality refers to the group characteristics of the class as a whole [while] typicality refers to the individual characteristics of the named plaintiff in relation to the class.' [*Prado-Steiman*, 221 F.3d at 1279]. Under the commonality, 'a class action must involve issues that are susceptible to class wide proof.'" *Cooper v. Southern Company*, 390 F.3d 695, 714 (11th Cir. 2004) (overturned on other grounds) (citing *Murray v. Auslander,* 244 F.3d 807, 811 (11th Cir. 2001)). The H-2A Plaintiffs contend that pursuant to Rule 23(a)(2), questions of law and fact are common to the class members. Specifically, the H-2A Plaintiffs identify the following as the common questions of fact:

> 1. Whether the Defendants breached their contractual obligations by failing to credit the H-2A workers with all hours worked;
> 2. Whether the Defendants breached their contractual obligations by failing to compensate the class members for their time watching training videos;
> 3. Whether the Defendants breached their contractual obligations by failing to reimburse the pre-employment expenses incurred by the class members;
> 4. Whether the Defendants breached their contractual obligations by failing to provide the required tools for the class members' jobs free of charge.

The Plaintiffs identify the following as the common questions of law:

1. Whether the Defendant, Cary Mercer is personally liable for any contractual breaches;
2. Whether picking sacks are tools "necessary to perform the required job duties" and therefore must be provided by the Defendants; and
3. Whether the Defendants were obligated under the contract to compensate the class members for the time spent viewing the instructional videos when the class members arrived at the job site.

The Plaintiffs argue that even though the H-2A workers were divided into three separate work crews, the same employment practices occurred in all of the groups. The Plaintiffs assert that there are putative class representatives from each of the three work crews. Mr. Mercer testified at his deposition that the same practices and policies applied to all H-2A workers regardless of their work crew. (See, Mercer Depo., p. 182-183 attached as Exh. to Doc. 27). The declarations of some of the Plaintiffs attached to the Motion for Declaration of Class Certification (Doc. 27) also indicate that the practices were the same for the different crews.

The Defendants argue that the H-2A Plaintiffs wish to pursue individualized monetary damages against the Defendants, and therefore class clarification is not appropriate. The Defendants contend that whether each H-2A Plaintiff is entitled to additional wages would require an individualized determination based upon the records, the piece-rate, and the hourly earnings per week. Further, the Defendants argue that the putative class members worked in different locations, worked for different lengths of time, and performed different activities while on the job.

The Court finds that the H-2A Plaintiffs assert common questions of fact among the putative class members. The Plaintiffs allege that the H-2A Plaintiffs were paid at a piece-rate for their work and did not receive wages for all of the hours worked. The Plaintiffs claim that the H-2A workers were not compensated for watching training videos, were not reimbursed for pre-employment

expenses, and were not provided the required tools to perform their jobs. Whether these H-2A farm workers worked in different location, different hours, or for different crew leaders does not change the common issues of fact regarding compensation, lack of reimbursement, and lack of supplying tools. The Court finds that the evidence presented is sufficient to make a determination as to class certification. At the class certification stage, the Court is not to determine the merits of the claims but only consider the merits as to whether the Rule 23 requirements are met. *Heffner v. Blue Cross and Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1337 (11th Cir. 2006) (citing *Valley Drug*, 350 F.3d at 1188, n. 15). The H-2A Plaintiffs also assert common questions of law as to whether Cary Mercer is personally liable for any contract breaches, whether picking sacks are considered tools necessary to perform the required jobs, and whether the Defendants were obligated to compensate the H-2A Plaintiffs for their time watching instructional videos. The Court concludes that the H-2A Plaintiffs have satisfied the commonality requirement under Rule 23(a).

**3. Typicality**

To satisfy the typicality requirement of a class representative, the class representative must have the same interest and suffer the same injury as the class members. *Busby v. JRHBW Realty,* Inc., 513 F.3d 1314, 1322 (11th Cir. 2008) (citing *Cooper v. Southern Co.,* 390 F.3d 695, 713 (11th Cir. 2004)). Fed.R.Civ.P. 23(a)(3) provides that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." The main focus of the typicality requirements is that the plaintiffs will advance the interests of the class members by advancing their own interests. *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 698 (S.D. Fla. 2004). "'Typicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large.'" *Cooper v. Southern Company*, 390 F.3d 695, 713 (11th Cir. 2004) (citing *Prado-Steiman v.*

*Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000)). "The typicality requirement is satisfied if 'the claims or defenses of the class and class representative arise from the same event or pattern or practice and are based on the same theory.'" *Agan*, 222 F.R.D. at 698, (citing *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)). The typicality requirement is generally met if the class representative and the class members received the same unlawful conduct, irrespective of whether the fact patterns that underlie each claim vary. *Agan*, 222 F.R.D. at 698. The main concern is whether the named class representatives' claims have the same essential characteristics as the class members at large. *Id.*[5]

The H-2A Plaintiffs contend that the Defendants breached their contractual agreement by failing to pay the workers for all of the hours they worked including training videos, by failing to keep accurate payroll records, by failing to maintain accurate wage statements, by failing to reimburse all pre-employment expenses, and by filing to provide free-of-charge the tools needed. The H-2A Plaintiffs contend that all of these issues are common to all of the H-2A migrant workers that would comprise the class members.

The Defendants raise the same arguments for the typicality requirement as they did for the commonality requirement. The Defendants argue that there are factual distinctions among the putative class member including the dates they worked, their crew leaders, and the work they performed. The

---

[5] The typicality and commonality requirements "tend to merge." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n. 13 (1982). "Traditionally, commonality refers to the group characteristics of the class as a whole and typicality refers to the individual characteristics of the named plaintiff in relation to the class." *Prado-Steiman v. Bush*, 221 F.3d 1266, 1278-9 (11th Cir. 2000). Neither typicality nor commonality require that all class members' claims be identical, and both may be satisfied even if some factual differences exist between the class member and the class representatives. *Id.* at 1279 n.14.

Defendants assert that there must be an individualized fact inquiry into each H-2A migrant worker and therefore, their claims are not typical of the class.

The representative H-2A Plaintiffs all allege that the Defendants breached the employment contract for the same reasons, namely, for failing pay full hourly wages, failing to keep accurate records, failing to provide accurate wage statements, failing to pay wages for attending training videos, failing to pay all pre-employment expenses, and failing to pay for all the tools needed. The named H-2A Plaintiffs' and the other class members' claims arise out of the same conduct and essentially the same factual and legal bases. The Court determines that the H-2A Plaintiffs have satisfied the typicality requirement under Rule 23(a)(3).

**4. Adequacy of Representation**

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). There are two separate inquiries under this section: (1) whether there are any substantial conflicts of interest between the named representatives of the class and the class members; and (2) whether the representatives will adequately prosecute the action. *Busby v. JRHBW Realty, Inc.*, 513 F.3d at 1323 (citing *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003)). This requirement serves to uncover any conflict of interest that named parties may have with the class they represent. *Amchem Products, Inc., v. Windsor*, 521 U.S. 591, 627 (1997). "If substantial conflicts of interest are determined to exist among a class, class certification is inappropriate." *Id*. Minor conflicts alone will not defeat class certification, the conflict must be "'fundamental'" to the specific issues in the case. *Id*. Under this section, the Court must also consider the competency and any conflicts that the class counsel may have. *Amchem Products, Inc.* 521 U.S. at 627, n. 20.

The H-2A Plaintiffs assert that their claims are not in conflict with any of the class members. The H-2A Plaintiffs contend that all class members will benefit from the relief sought by receiving restitution of the additional wages and reimbursements from the Defendants for the costs they incurred. The Defendants argue that the named Plaintiffs do not have any personal knowledge as to the circumstances of the other putative class members and request leave to depose the potential class representatives. The Declarations attached to the Motion for Declaration of Class Action do include these representatives observations of other potential class members. The Declaration of Adan Diaz-Nava does include statements as to the work conditions of the other members in his crew, and how these other individuals worked under the same conditions that he did. The Court finds that the representative H-2A Plaintiffs will fully and adequately represent the interests of the class and that their claims are not in conflict with any other potential class member. Further, counsel for the H-2APlaintiffs is experienced in class action litigation and specifically in class action litigation involving migrant farm workers. The Court determines that the Plaintiffs have satisfied the adequacy of representation requirement under Rule 23(a)(4).

### C. Rule 23(b) Requirements

The H-2A Plaintiffs assert that they have satisfied the requirements of Fed.R.Civ.P. 23(b)(3). For class certification to be appropriate under Rule 23(b)(3), common questions must predominate over questions that affect only individual members and the class action must be a superior method for a "'fair and efficient adjudication of the controversy.'" *Cooper*, 390 F.3d at 722, (citing Fed.R.Civ.P. 23(b)(3)). See Also, *Busby v. JRHBW Realty, Inc.*, 513 F.3d at 1324. Rule 23(b)(3) imposes two additional requirements to Rule 23(a) which are the requirements of increased efficiency and

predominance. *Id.,* (citing *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1006 (11th Cir. 1997)).

### 1. Predominance

The issues raised in the class action that are subject to generalized proof and which are applicable to the class as a whole "'must predominate over those issues that are subject only to individualized proof.'" *Babineau v. Federal Exp. Corp.*, 576 F.3d 1183, 1191 (11th Cir. 2009), (quoting *Kerr v. City of W. Palm Beach*, 875 F.2d 1546, 1558 (11th Cir. 1989)). "Common issues will not predominate over individual questions if, 'as a practical matter, the resolution of [an] overarching common issue breaks down into an unmanageable variety of individual legal and factual issues.'" *Id*. at 1191 (quoting *Andrews v. Am. Tel. & Tel. Co.,* 95 F.3d 1014, 1023 (11th Cir. 1996)). A class should not be certified if it appears that most of the plaintiffs' claims have highly case-specific factual issues. *Id*. The predominance requirement is "far more demanding" than the commonality requirement. *Jackson*, 130 F.3d at 1005.

The Plaintiffs argue that the class claims predominate over the questions affecting the individual members of the putative class. The Plaintiffs assert that they seek to remedy common legal grievances for breach of a common employment contract during the 2007-2008 citrus harvest season. The Court must determine if Cary Mercer is individually liable as a joint employer for the contractual breaches, and whether the Defendants were obligated to provide picking sacks at no-charge to the H-2A Plaintiffs, and whether the Defendants were obligated to pay wages for the time spent viewing training videos. The H-2A Plaintiffs contend that the bulk of their claim is that the Defendants under-reported the hours worked by the H-2A migrant farm workers.

The Defendants argue that the H-2A Plaintiffs were paid on a piece-rate basis and whether each H-2A worker was properly paid requires an individualized assessment of the hours they worked, and their weekly earnings. The Defendants contend that this is not the type of case in which the Plaintiffs can testify as to the working conditions, but rather the proof of their damages will require individual testimony.

The breach of contract violations as set forth in the Amended Complaint raises the following separate issues: whether the workers were paid fully for the hours they worked, whether they were reimbursed for pre-employment expenses, whether they were paid for viewing training videos, whether accurate pay records were kept, whether wage statements were accurate, and whether they were supplied the tools they needed at no-charge. The Amended Complaint alleges that all of these issues are common to all of the H-2A Plaintiffs and all of the proposed class members. The determination of these issues will resolve each potential class member's underlying cause of action under the breach of contract claim. The common issues predominate over any individualized proof for damages. The Court finds that the Plaintiff have shown that common questions of fact and law predominate over the issues affecting individual members of the class.

**2. Superiority of Class Action**

Rule 23(b)(3) requires that a court to find that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3). The Court looks to the four non-exclusive matters listed in Rule 23(b)(3) which are:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum;

> (D) the likely difficulties in the managing a class action.

The H-2A Plaintiffs assert that it is unlikely that the individual class members would have any interest in instituting a lawsuit or in controlling their own individual actions. The class members' homes are in Mexico, they lack proficiency in the English language, they are indigent, and they seek relatively small individual damages. The H-2A Plaintiffs state that there are no other lawsuits raising the same issues as presented in this action. It is desirable to conduct the litigation in this forum as the Defendants reside in this district, the cause of action arose here, and all documents pertaining to the litigation are located here. Although the H-2A Plaintiffs acknowledge that bringing a class action has administrative difficulties, the H-2A Plaintiffs assert that the benefits far outweigh the burden. The H-2A Plaintiffs contend that their principal concern is to determine the unpaid wages and damages due to each class member, however determining the amount of damages does not preclude a class action. The Defendants assert that a class action is not a superior method of bringing suit in that the damages claims require individualized proof.

The Court determines that the potential class members' claims are predicated on a common set of facts and concern the same employment contract. The breaches of contract apply to every potential class member and each individual plaintiff will not be needed to testify. The process of bringing individual actions would be much more onerous than a class action. Therefore, the Court concludes that the Plaintiffs have established that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## IV. Conclusion

The Court finds that the H-2A Plaintiffs have met their burden under Fed.R.Civ.P. 23(a) and 23(b)(3), and the Court respectfully recommends that the Motion for Declaration of a Class Action (Doc. 27) be granted as to Count I of the Amended Complaint. The Court respectfully recommends that the class be defined as follows:

> All H-2A temporary foreign workers who were employed pursuant to a temporary labor certification issued to Orange Blossom Harvesting, Inc. for work during the 2007-2008 south-central Florida citrus harvest.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __3rd__ day of February, 2010.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record