UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE ROSARIO-GUERRRO, ISMAEL
DELGADO-CHAVEZ, OSCAR DELGADO-
CHAVEZ, ADAN DIAZ-NAVA, ARNULFO
GALINDO-MEJIA, BRAULIO GALINDO-
MEJIA, BERNARDO GALLEGOS-FLORES,
AGUSTIN GIL-OLVERA, HONORATO GIL-
OLVERA, ZENAIDO HERNANDEZ-RESENDIZ,
MIGUEL JONGUITUD-VELAZAUEZ, FERNANDO
JUAREZ-LOPEZ, MACARINO MAGOS-CHAVEZ,
MARTINIANO MAGDALENO MEJIA-BARCENA,
JUAN RESENDIZ-HERNANDEZ, CARLOS
SANTANA-VARGAS, ADAN TINAJERO-RAMOS,
ANTERO ZARATE-ALVARADO, individually
and on behalf of all other persons
similarly situated,

                    Plaintiffs,

vs.                                    Case No.  2:09-cv-106-FtM-29DNF

ORANGE BLOSSOM HARVESTING, INC. and
CARY MERCER,

                    Defendants.
_____


**OPINION AND ORDER**

     This matter comes before the Court on a Report and Recommendation (Doc. #33) by Magistrate Judge Douglas N. Frazier recommending that plaintiffs' Motion for Declaration of a Class Action (Doc. #27) be granted.  Defendants' Objections (Doc. #34) were filed on February 16, 2010.  Also before the Court is Plaintiffs' Unopposed Motion to Drop Bernardo Flores-Gallegos As A Party Plaintiff (Doc. #35), filed on February 17, 2010.  For the reasons set forth below, both motions will be granted.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

**II.**

Defendants raise five objections to the Report and Recommendation, which are resolved as follows:

(1) Defendants' first objection borders on frivolous. They object that the "Facts" section of the Report and Recommendation "parrots" the Amended Complaint, and object to the acceptance of all such statements as facts. The Report and Recommendation begins this section by stating: "The facts, as set forth in the Amended

Complaint . . . are as follows." In addition, footnote 2 notes that "the Court makes no ruling on the merits of these facts." Defendants' objection is overruled.

(2) The Court agrees with the treatment of the declarations, and therefore overrules the second objection.

(3) The Court agrees with and adopts the Report and Recommendation as to class certification as to the state law breach of contract claims. The third objection is therefore overruled.

(4) The fourth objection is moot in light of the agreed dismissal of Bernardo Gallegos-Flores as a named plaintiff.

(5) The Court rejects defendants' fifth objection. The plaintiffs have submitted themselves to the jurisdiction of the court by filing the complaint. Should they not comply with the requirements imposed upon a plaintiff, including providing appropriate discovery, defendants may seek relief. Anticipating such non-compliance, however, is not a basis to deny the motion for class certification.

Accordingly, it is now

**ORDERED:**

1. The Defendants' Objections (Doc. #34) are **OVERRULED**, and the Report and Recommendation (Doc. #33) is **ACCEPTED AND ADOPTED**.

2. The Motion for Declaration of a Class Action (Doc. #27) is **GRANTED** and the class is defined as follows:

> All H-2A temporary foreign workers who were employed pursuant to a temporary labor certification issued to

Orange Blossom Harvesting, Inc. for work during the 2007-2008 south-central Florida citrus harvest.

3. The Unopposed Motion to Drop Bernardo Flores-Gallegos As A Party Plaintiff (Doc. #35) is **GRANTED**, and Bernardo Flores-Gallegos is dropped as a named plaintiff in this case. The Clerk of the Court shall terminate this plaintiff and the parties shall delete his name as a plaintiff in all future filings. He shall remain a member of the certified class.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of February, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record