UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE ROSARIO-GUERRERO, ISMAEL DELGADO-CHAVEZ, OSCAR DELGADO-CHAVEZ, ADAN DIAZ-NAVA, ARNULFO GALINDO-MEJIA, BRAULIO GALINDO-MEJIA, AGUSTIN GIL-OLVERA, HONORATO GIL-OLVERA, ZENAIDO HERNANDEZ-RESENDIZ, MIGUEL JONGUITUD-VELAZAUEZ, FERNANDO JUAREZ-LOPEZ, MACARINO MAGOS-CHAVEZ, MARTINIANO MAGDALENO MEJIA-BARCENA, JUAN RESENDIZ-HERNANDEZ, CARLOS SANTANA-VARGAS, ADAN TINAJERO-RAMOS, ANTERO ZARATE-ALVARADO, individually and on behalf of all other persons similarly situated,

Plaintiffs,

vs.                                    Case No. 2:09-cv-106-FtM-29DNF

ORANGE BLOSSOM HARVESTING, INC. and
CARY MERCER,

Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on the parties' Joint Motion for Approval of Settlement Agreement (Doc. #46) filed on July 28, 2010. On August 2, 2010, the Court provisionally approved the parties' Proposed Settlement Agreement, Full and Final Release and Covenant Not to Sue (Doc. #46-1), directed that notice be provided to class members, and provisionally certified a settlement class consisting of:

> All H-2A temporary foreign workers who were employed pursuant to a temporary labor certification issued to

Orange Blossom Harvesting, Inc. for work during the 2007-2008 south-central Florida citrus harvest.

(Doc. #47.) A Notice of Hearing (Doc. #48) was also issued setting a fairness hearing. On September 8, 2010, the Court granted plaintiff's Unopposed Motion for Approval and Mailing of Class Notice Regarding Proposed Settlement and approved the proposed notice, translated into Spanish, as to form and content (Doc. #50).

On November 1, 2010, the Court conducted the fairness hearing. No individuals appeared to raise objections to the settlement, and no objections were filed with the Clerk of Court by the deadline of October 31, 2010. (Doc. #49-1.) The Court heard from counsel for plaintiffs and counsel for defendants, who agreed to the entry of an Order after November 13, 2010, to allow additional time for objections to be filed. No objections have been filed, and the time to file objections has expired.

Accordingly, it is hereby

**ADJUDGED:**

1. The terms of the settlement contemplated herein are found in the Proposed Settlement Agreement, Full and Final Release and Covenant Not to Sue (Doc. #46-1) previously filed with the Court, the terms of which are incorporated herein and made a part hereof as set forth below.

2. The notice to the class was appropriate, and translated into Spanish for class members.

3.  The settlement is fair, just, reasonable and adequate after considering that the settlement was reached after good faith, arms-length negotiations by experienced and capable counsel for the parties; the amount of the settlement; the likelihood of the Plaintiffs' success in obtaining the relief prayed for; the cost, complexity and duration of the litigation if pursued to trial; the disruption of the Defendants' business from continued litigation; and other matters bearing on the best interest of the parties, including the absence of objection by any class member to the settlement contemplated by the Proposed Settlement Agreement, Full and Final Release and Covenant Not to Sue (Doc. #46-1).

4.  The Defendants have complied with their notice obligations under the Class Action Fairness Act of 2005, and no federal or state officials have appeared or objected to this settlement.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

5.  Orange Blossom Harvesting, Inc., and each of its present, past, and future affiliates, predecessors, successors, assigns, insurers, owners, partners, joint venturers, shareholders, servants, officers, directors, board or governing members, employees, agents, principals, relatives, spouses, representatives, beneficiaries, alter egos and attorneys (hereinafter referred to as "OBH") and Cary Mercer, individually and on behalf of his agents, heirs and assigns ("Mercer") agree to pay a total of **up to Ninety Three Thousand, Nine Hundred Forty-Four Dollars and Ninety-Six**

**Cents ($93,944.96)** ("Class Settlement Proceeds"), which shall be distributed and made payable in varying amounts as shown below to those Plaintiffs and Class Members who timely executed and returned individual releases.

| Name of Plaintiff/Class Member | Class Settlement Proceeds Due |
|---|---|
| Jose Rosario-Guerrero<br>Rodrigo Almarez-Hernandez | $1,500.00<br>$859.88 |
| Alberto Alvarez-Reyes | $1,923.82 |
| Juan Angeles-Arteaga | $728.06 |
| Oscar Ballarte-Barcena | $1,425.90 |
| Mauro Banthi-Maldonado | $502.98 |
| Francisco Binzha-Elias | $1,314.00 |
| Felipe Callejas-Chavero | $1,482.92 |
| Andres Chavez-Simon | $722.16 |
| Severo Chavez-Simon | $826.87 |
| Cesar Cruz-Tenjhay | $1,201.15 |
| Ismael Delgado-Chavez | $992.48 |
| Oscar Delgado-Chavez | $1,298.15 |
| Luis Alberto Diaz-Nava | $891.06 |
| Juan Elias-Diaz | $858.01 |
| Edgar Elizalde-Garcia | $1,009.02 |
| Jose Miguel Angel Felix-Cruz | $2,551.09 |
| Victoriano Flores-Lopez | $701.13 |
| Zeferino Flores-Romero | $287.89 |
| Arnulfo Galindo-Mejia | $682.74 |
| Braulio Galindo-Mejia | $721.06 |
| Bernardo Gallegos-Flores | $1,792.02 |

| | |
|---|---|
| Hugo Garcia-Robledo | $49.12 |
| Agustin Gil-Olvera | $1,928.20 |
| Honorato Gil-Olvera | $1,252.01 |
| Adan Gonzalez-Roque | $1,222.58 |
| Ismael Gonzalez-Roque | $2,293.05 |
| Noe Gonzalez-Roque | $1,853.99 |
| Rosendo Gutierrez-Morales | $775.19 |
| Venustiano Hernandez-Carmago | $123.24 |
| Rodrigo Hernandez-Hernandez | $1,793.18 |
| Ramiro Hernandez-Ramirez | $1,750.52 |
| Seferino Hernandez-Ramirez | $1,222.18 |
| Zenaido Hernandez-Resendiz | $1,290.75 |
| Apolonio Hernandez-Vargas | $2,831.57 |
| Miguel Jongitud-Velazquez | $49.12 |
| Fernando Juarez-Lopez | $876.45 |
| J. Santos Lopez-Velazquez | $228.69 |
| Macario Magos-Chavez | $539.22 |
| Martin Marquez-Martinez | $454.10 |
| Juan Antonio Martinez-Garcia | $49.12 |
| Serafin Martinez-Garcia | $49.12 |
| Alejandro Martinez-Gonzalez | $154.86 |
| Pedro Martinez-Ramirez | $1,569.94 |
| Gumersindo Martinez-Ramos | $2,847.38 |
| Mayolo Martinez-Ramos | $2,177.00 |
| Antonio Martinez-Zarate | $392.23 |
| Honorio Martinez-Zarate | $2,423.36 |
| Martiniano Magdaleno Mejia-Barcena | $554.82 |
| Remigio Mejia-Chavez | $452.73 |

| | |
|---|---|
| Carlos Mejia-Mejia | $610.74 |
| Pablo Montes-Arvizo | $595.32 |
| Antero Montoya-Montoya | $1,338.13 |
| Eloy Montoya-Montoya | $935.97 |
| Nereo Montoya-Montoya | $1,640.99 |
| Loreto Moreno-Gonzalez | $2,040.06 |
| Bernardo Olvera-Felix | $1,343.20 |
| Ruben Ramirez-Elias | $1,298.12 |
| Jose Artemio Ramirez-Gallegos | $1,061.76 |
| Santos Ramirez-Gil | $1,193.40 |
| Simon Ramirez-Gutierrez | $1,132.32 |
| Arnulfo Ramirez-Jimenez | $1,129.80 |
| Lenin Ramirez-Ramirez | $1,246.09 |
| Liborio Ramos-Olvera | $978.84 |
| Juan Resendiz-Hernandez | $1,308.21 |
| Rafael Resendiz-Mejia | $806.39 |
| Blas Rivera-Alvarez | $88.90 |
| Fernando Roque-Roque | $1,823.24 |
| Marcelino Roque-Velazquez | $1,962.92 |
| Esteban Rosales-Rosales | $2,637.61 |
| Leon Rosales-Rosales | $1,252.17 |
| Hector Rubio-Crescencio | $724.04 |
| Crisantos Rubio-Martinez | $332.34 |
| Rolando Saenz-Garcia | $1,898.96 |
| J. Froilan Salinas-Mendieta | $1,203.98 |
| Rosendo Sanchez-Hernandez | $1,203.98 |
| Carlos Santana-Vargas | $1,386.53 |
| Adan Tinajero-Ramos | $407.70 |

| Moises Trejo-Villeda | $818.22 |
| Silvestre Velazquez-Antonio | $103.18 |
| Josue Velazquez-Hernandez | $221.30 |
| Antero Zarate-Alvarado | $278.84 |
| Hermelindo Zarate-Gil | $980.75 |
| Liodoro Zarate-Olvera | $1,845.88 |

6. In addition, defendants shall pay a total of **Forty-Five Thousand Dollars ($45,000.00)** ("Litigation Costs") to Florida Legal Services, Inc., for attorney's fees and costs associated with this litigation, in two separate and equal installments of **Twenty-Two Thousand, Five Hundred Dollars ($22,500.00),** with the first payment due **thirty (30) days** following the Court's final approval of the parties' proposed settlement in this litigation, and the second payment due by **June 1, 2011.**

7. This action is hereby **DISMISSED WITH PREJUDICE**, except to reserve jurisdiction to enforce the terms of the settlement.

8. The Clerk of the Court shall enter judgment accordingly and close the file. Any other pending motions shall be terminated by the Clerk of the Court.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of November, 2010.

JOHN E. STEELE
United States District Judge

Copies: Counsel of record